UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONSO GREAVES,<br><br>　　　　　　　　Appellant,<br><br>　　v.<br><br>ALAN NISSELSON, TRUSTEE, GUY ISRAEL, SHULEM HERMAN and FULTON TERRACE GROUP LLC,<br><br>　　　　　　　　Appellees. | 16-CV-04668 (RRM) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>ALFONSO GREAVES,<br><br>　　　　　　　　Debtor. | <u>Chapter 7</u><br><br>Case No. 1-14-43826 (CEC) |

## NOTICE OF MOTION PURSUANT TO BANKRUPTCY RULE 8013 TO DISMISS APPEAL

**PLEASE TAKE NOTICE THAT**, upon the affidavit of Alan Nisselson (the "**Trustee and Appellee**") and supporting Motion, the Trustee-Appellee shall move this Court before The Honorable Roslynn R. Mauskopf, United States District Judge of United States District Court for the Eastern District of New York, for the entry of an Order pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule**) to dismiss this appeal.

**PLEASE TAKE FURTHER NOTICE THAT** opposition papers, if any, must be filed with the Court and served on the undersigned **no later than July 5, 2017 at 5:00 p.m.** Reply papers, if any, shall be filed with the Court and served on Appellant no later than July 12, 2017.

{11351188:1}

**PLEASE TAKE FURTHER NOTICE THAT** the Trustee and Appellee shall notify the Court if Appellant fails to serve opposition papers by July 5, 2017.

Dated: New York, New York　　　WINDELS MARX LANE & MITTENDORF, LLP
　　　　June 19, 2017　　　　　　*Attorneys for Alan Nisselson, Chapter 7 Trustee and Appellee*

　　　　　　　　　　　　　　　By:　　/s Alan Nisselson
　　　　　　　　　　　　　　　　　　Alan Nisselson (anisselson@windelsmarx.com)
　　　　　　　　　　　　　　　　　　156 West 56th Street
　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　Tel. (212) 237-1000/Fax. (212) 262-1215

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFONSO GREAVES,<br><br>                    Appellant,<br><br>    v.<br><br>ALAN NISSELSON, TRUSTEE, GUY ISRAEL, SHULEM HERMAN and FULTON TERRACE GROUP LLC,<br><br>                    Appellees. | 16-CV-04668 (RRM) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>ALFONSO GREAVES,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 1-14-43826 (CEC) |

## MOTION PURSUANT TO BANKRUPTCY RULE 8013 TO DISMISS APPEAL

Preliminary Statement

Appellee, Alan Nisselson, the Chapter 7 bankruptcy trustee (the "Trustee") of Alfonso Greaves, Debtor and Appellant, respectfully submits this motion pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8013 to dismiss this bankruptcy appeal. As set forth in the Trustee's supporting affidavit ("Nisselson Aff."), Debtor-Appellant has not diligently prosecuted this appeal and has not filed any papers other than the Notice of Appeal. In particular, Debtor-Appellant has failed to designate contents of the record below, a statement of issues or filed a brief in support of his appeal as required by Bankruptcy Rules 8009 and 8018. As such, this appeal should be dismissed.

Facts

The order giving rise to this appeal was the approval of a Stipulation of Settlement between Fulton Terrace Group, LLC ("Fulton") and the Trustee for turnover of proceeds of a purchase money mortgage on property formerly owned by the Debtor and sold by him during the Chapter 11 phase of the bankruptcy case.[1]  A copy of the Stipulation of Settlement is attached as Exhibit B to the Nisselson Aff.  Following a hearing dated July 21, 2016, the Bankruptcy Court (Craig, C.J.) approved the settlement after consideration of a settlement motion filed by the Trustee with notice to the Debtor, all creditors and parties in interest.  (Nisselson Aff. at ¶ 3.)  Only the Debtor objected and at the hearing on the settlement motion, the Bankruptcy Court heard argument and overruled the Debtor's objections.  (*Id.*)

The background of the settlement is as follows.  While a Chapter 11 debtor, the Debtor-Appellant sold his property for $2.4 million.  (*Id.* at ¶ 4.)  As part of the sales proceeds, the Debtor-Appellant took back a purchase money mortgage ("PMM") for $1 million.  (*Id.*)  While still a Chapter 11 debtor in possession and without Court authority, the Debtor-Appellant agreed with Fulton to reduce the amount of PMM by $100,000 and received $100,000 from Fulton as a payment which he did not set aside to pay creditor claims.  (*Id.*)  Rather, he used it as personal funds.  (*Id.*)  In addition, Debtor-Appellant, without court authority, agreed to defer payment of the balance of the PMM of $900,000 for a period of time while he continued to reside at the property after the closing.  (*Id.*)

After Mr. Nisselson became Trustee, he demanded payment from Fulton for the full amount of the PMM of $1 million.  (*Id.* at ¶ 5.)  After demand, the Trustee became aware of Debtor-Appellant's and Fulton's unauthorized agreement.  (*Id.*)  When Fulton refused the Trustee's requests for payment in the full amount of the PMM of $1 million, the Trustee

---

[1] The bankruptcy case was commenced by the Debtor under Chapter 11 on July 28, 2014.  This case was converted to Chapter 7 by Order of the Bankruptcy Court on July 21, 2015.  Thereafter, Mr. Nisselson was appointed Chapter 7 Trustee.

instituted an adversary proceeding, (16-01081-CEC) for turnover of $1 million and avoidance of the unauthorized agreement between Debtor-Appellant and Fulton for a reduction of the PMM and deferral of payment. (*Id.*)

After discovery and negotiation in the adversary proceeding, the Trustee agreed to a settlement with Fulton for payment of $750,000 which it has made pursuant to the terms of the settlement. (*Id.* at ¶ 6.) The compromise with Fulton was made based upon the payment by it to the Debtor-Appellant of $100,000 and Debtor's continued occupation of the property which required an eviction proceeding of Debtor-Appellant to be commenced. (*Id.*)

The settlement motion made to the Bankruptcy Court set forth the facts underlying the settlement, and relevant case law. (*Id.* at ¶ 7.) The court overruled Debtor-Appellant's objection by its approval of the Stipulation of Settlement. (*Id.*)

Debtor-Appellant, other than filing a notice of appeal (Doc. No. 1), has done nothing to advance this appeal and has not fulfilled his requirements under Federal Rule of Bankruptcy Procedure 8009 and the docket notice to parties in this case to designate items in the record and issues of the appeal within 14 days of filing the Notice of Appeal. (*See* Nisselson Aff., Ex. A.) He has not filed a brief in support of his appeal as required by Bankruptcy Rule 8018. (*See id.*)

<u>Dismissal of the Appeal is Warranted.</u>

Bankruptcy Rule 8009 states:

(a) Designating the Record on Appeal; Statement of the Issues.

    (1) Appellant.

        (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

        (B) The appellant must file and serve the designation and statement within 14 days after:

        (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or

        (ii) an order granting leave to appeal is entered.

Bankruptcy Rule 8018 states:

(a)  Time to Serve and File a Brief.  The following rules apply unless the district court or BAP by order in a particular case excuses the filing of briefs or specifies different time limits:

    (1)  The appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically….

    (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion.

Debtor-Appellant has failed to timely file any of the required documents required to advance his appeal of the Bankruptcy Court's order.  Courts have dismissed appeals under similar circumstances.  *See Carlebach v. Tyrnauer*, Civ. Case No. 15-CV-5610 (RRM), 2016 WL 5349781 at *4 (E.D.N.Y. Sep. 23, 2016) (wherein this Court granted a motion to dismiss an appeal where appellant "demonstrated inexcusable indifference in pursuing his appeal") (slip op.); *see also Michaelesco v. Whiton*, 398 Fed. App'x 632, 633 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of a bankruptcy appeal where appellants failed to comply with prior versions of Rules 8009 and 8018 (namely, Rules 8006 and 8009, respectively)); *In re Downs*, 614 Fed. App'x 855, 855–56 (7th Cir. 2015) (affirming the district court's dismissal of an appeal brought by a pro se debtor-appellant for failure to prosecute); *In re New Century TRS Holdings, Inc.*, 619 Fed. App'x 46, 48 (3d Cir. 2015) (same); *Bembry-Muhammad v. Greenberg*, Civil Case No. 15-8829 (JLL), 2016 WL 4744139 at *2 (D.N.J. Sep. 12, 2016) (wherein the district court analyzed the Third Circuit's factors for deciding the failure to prosecute a bankruptcy appeal, as

set forth in *In re New Century*, and determined that dismissal of the appeal was warranted) (slip op.).

Moreover, as set forth in the Nisselson Aff., the administration of the bankruptcy estate is being prejudiced by the pendency of this appeal. Mr. Nisselson states that he largely concluded his administration of the bankruptcy estate and that this appeal delayed him from filing his final report and thereafter to make distributions to creditors. It is anticipated that all allowed claims will receive a one hundred percent distribution plus interest. (Nisselson Aff. at ¶ 9.)

By Scheduling Order dated June 16, 2017, the Court issued the following Order:

> Nisselson's request for a pre-motion conference ([2]) is denied. No pre-motion conference is required in this case. Nisselson shall serve his motion papers on or before 6/21/7; appellant shall serve its opposition papers on or before 7/5/17; and the fully-brief motion, together with Nisselson's reply, if any, shall be served and filed by 7/12/17. Nisselson is directed to notify the Court if appellant fails to serve its opposition papers on or before 7/5/17.

(*See* Nisselson Aff., Ex. A.)

<u>Conclusion</u>

For the reasons set forth above, it is respectfully submitted that this appeal be dismissed with prejudice. A proposed order is attached hereto as **Exhibit 1**.

Dated: New York, New York  
June 19, 2017

Respectfully Submitted

WINDELS MARX LANE & MITTENDORF, LLP  
Attorneys for Trustee-Appellee

By: <u>/s Alan Nisselson</u>  
Alan Nisselson  
156 West 56th Street  
New York, NY 10019  
(212) 237-1021

## INDEX OF EXHIBITS

Exhibit 1                                          Proposed Order

Case 1:16-cv-04668-RRM Document 8 Filed 07/24/17 Page 8 of 8 PageID #: 67